IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES M HAIR,

    Petitioner,

v.                                        CASE NO. 5:11-cv-330-MP-GRJ

WARDEN, FCI MARIANNA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paying the filing fee. The Petition stems from Petitioner's Middle District of Florida convictions for attempting to transport and transporting child pornography and possessing and attempting to possess child pornography, for which he received a total sentence of 365 months' imprisonment. *See United States v. Hair*, Case No. 8:03-cr-285-EAK-EAJ, Doc. 130 (resentencing following remand). Petitioner's sentence was enhanced based on the court's finding that he engaged in "a pattern of activity involving the sexual abuse or exploitation of a minor," pursuant to U.S.S.G. § 2G2.2(b)(4), based on incidents that occurred in 1982, 1986, and 1989. *Id.* Doc. 140 (Eleventh Circuit opinion affirming sentence).

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting four claims of ineffective assistance of counsel and a due process claim with respect to his sentence. *Id.* Doc. 148. The court concluded that some of his claims were procedurally barred, and denied the others on the merits. *Id.* Doc. 151. The court

denied Petitioner a Certificate of Appealability, and Petitioner did not appeal. *Id.* Doc. 152.

In the instant Petition, Petitioner asserts that he is entitled to habeas corpus relief because the trial court erred in enhancing his sentence on the basis of prior offenses. Doc. 1. Petitioner alleges that he was wrongly sentenced as a "career offender" under U.S.S.G. § 4B1.1. *Id.* However, the record shows that Petitioner's sentenced was enhanced based on a pattern of activity involving the sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(4), and not under the Chapter 4 career-offender guidelines. *See Hair v. United States*, Case No. 8:09-cv-2253-EAK-EAJ, Doc. 18-1 (Petitioner's brief on direct appeal to Eleventh Circuit, detailing calculations of Petitioner's guidelines range). Thus, Petitioner's instant claim lacks any factual support in the record.

Further, the Court takes judicial notice that this is the third 28 U.S.C § 2241 petition that Petitioner has filed in this Court with respect to the same conviction and sentence. *See Hair v. Augustine*, Case No. 5:09-cv-41-RH-MD (9/28/09) (dismissing petition because Petitioner was not entitled to proceed under § 2241); *Hair v. Augustine*, Case. No. 5:11-cv-241 (11/3/11) (same). Thus, the instant Petition is successive.

As previously explained, under the circumstances presented Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief[.]*"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. Moreover, Petitioner makes no claim of actual innocence within the meaning of *Wofford*. *See* Doc. 1.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED** and that Petitioner be **WARNED** that the filing of nonmeritorious successive habeas petitions

could be met with the imposition of sanctions.

**IN CHAMBERS** this 16th day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.